ORIGINAL

# In the United States Court of Federal Claims

No. 14-913 C
Filed: December 11, 2014
NOT TO BE PUBLISHED

**FILED**
DEC 11 2014
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*
\*
LEONARD P. MACHULAS,                               \*
\*
Plaintiff, *pro se*,                               \*
\*
v.                                                 \*
\*
THE UNITED STATES,                                 \*
\*
Defendant.                                         \*
\*
\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Leonard P. Machulas,** *pro se.*

**Reta E. Bezak,** United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER

**I.    RELEVANT FACTUAL BACKGROUND.[1]**

On an unknown date prior to November 2011, Mr. Leonard P. Machulas ("Plaintiff") states that he was convicted of a criminal offense by the Chatham County Superior Court in Savannah, Georgia and, thereafter, sentenced to an unspecified term of imprisonment. The Complaint alleges the existence of a "cover up, and the protection by the Supreme Court of [Georgia], knowing the judges made a wrong decision and will not talk [sic] or correct this." Compl. at 1. Since November 2011, Plaintiff has filed complaints with the Civil Rights Division of the United States Department of Justice arising from "violations . . . of my civil rights." Compl. at 1.

---

[1] The relevant facts were derived from Plaintiff's September 29, 2014 Complaint ("Compl.") and Exhibits attached thereto ("Compl. Ex."). Because Plaintiff does not mark the Exhibits, the court will describe the relevant documents in the text of this Opinion.

On September 10, 2012, Plaintiff received a Memorandum from the Office of Judge Timothy R. Walmsley of the Superior Court of Georgia. Compl. Ex. at 5. The Memorandum states that because the "motion involves a case that has been closed [t]his court cannot provide the relief that your motion requests." Compl. Ex. at 5.

On August 26, 2014, Plaintiff received a response from the Office of the Inspector General of the United States Department of Justice, stating that the "matters raised [by Plaintiff] are outside of [the Office of the Inspector General's] investigative jurisdiction." Compl. Ex. at 3.

## II. PROCEDURAL HISTORY.

On September 29, 2014, Plaintiff filed a Complaint in the United States Court of Federal Claims against the United States and Michael Horowitz, the Inspector General of the Department of Justice, Civil Rights Division. Compl. at 1. The Complaint also lists as defendants: the State of Georgia; the Superior Court of Chatham County, [Georgia]; the Supreme Court of Georgia; and a number of private individuals and members of the Judiciary. Compl. at 2. On October 14, 2014, Plaintiff filed a Motion ("Pl. Mot.") that cited Rule 83.3 of the Rules of the United States Court of Federal Claims ("RCFC"), but did not name a law student or supervising attorney.[2] Plaintiff's October 14, 2014 Motion also requested Alternative Dispute Resolution of the claim pursuant to RCFC 16 and Appendix H.

On October 27, 2014, the Government filed a Motion To Dismiss, pursuant to RCFC 12(b)(1) and 12(b)(6) ("Gov't Mot."). On the same day, the Government also filed a Response to Motion for Appointment of Counsel ("Gov't Resp.").

## III. DISCUSSION.

### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States

---

[2] RCFC 83.3 provides, in relevant part:

(a) [. . .] A law student qualified under RCFC 83.3(b) may enter an appearance in this court on behalf of any party in a case provided that: (1) the party on whose behalf the student appears has consented in writing; (2) a supervising attorney, as defined in RCFC 83.3(d), has indicated approval in writing; and (3) the written consent and approval have been filed with the clerk.

Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400. And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B. Standard Of Review For *Pro Se* Litigants.

*Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). This court traditionally examines the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### C. Standards For Motion To Dismiss.

#### 1. Under RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: (1) lack of jurisdiction over the subject matter[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations of the complaint to be true and to draw all reasonable inferences in plaintiff's favor." *Henke*, 60 F.3d at 797.

#### 2. Under RCFC 12(b)(6).

A challenge to the United States Court of Federal Claims' "[ability] to exercise its general power with regard to the facts peculiar to the specific claim . . . is raised by a [Rule]

12(b)(6) motion[.]" *Palmer*, 168 F.3d at 1313; *see also* RCFC 12(b)(6) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]").

When considering whether to dismiss an action for failure to state a claim, the court must assess whether "a claim has been stated adequately" and then whether "it may be supported by [a] showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The plaintiff's factual allegations must be substantial enough to raise the right to relief "above the speculative level." *Id.* at 555. The court must accept all factual allegations in the complaint as true and make all reasonable inferences in favor of the plaintiff. *Id.*

### D.    The Government's October 27, 2014 Motion To Dismiss.

#### 1.    The Government's Argument.

The Government argues that the September 29, 2014 Complaint fails to allege a claim against the United States, but instead seeks relief from private individuals and from State entities. Gov't Mot. at 4.

In addition, "[t]o the extent that [Plaintiff] seeks the reversal of any criminal conviction against him, the [c]ourt lacks jurisdiction to entertain the action." Gov't Mot. at 4. Pursuant to 28 U.S.C § 1495, the court's jurisdiction to adjudicate claims for damages by persons unjustly convicted of an offense against the United States and imprisoned requires Plaintiff to assert an ultimate finding of innocence, a pardon, or the presentation a certificate of innocence. Gov't Mot. at 6. There is no such assertion within the Complaint. Gov't Mot. at 6.

The Government argues that, in the alternative, the court should dismiss the Complaint under RCFC 12(b)(6), because the "[C]omplaint does not contain factual allegations that 'raise a right to relief above the speculative level.'" Gov't Mot. at 6 (quoting *Twombly*, 550 U.S. at 555). Specifically, the Complaint:

> does not identify the crime of which [Plaintiff] was allegedly convicted in Georgia, nor does it describe any of the facts surrounding said conviction . . . . His claims that the Georgia courts have repeatedly retaliated against him similarly lack any supporting factual allegations . . . . [Plaintiff] does not describe any action on the part of [the Department of Justice, Civil Rights Division] or how any action or inaction relates to any claim against the United States. The Complaint similarly fails to identify how the actions of the Office of the Inspector General . . . constitute grounds for a claim in this Court.

Gov't Mot. at 6.

In response to Plaintiff's October 14, 2014 Motion, the Government also contends that such an appointment would be futile since the court does not have jurisdiction to adjudicate the claims alleged in the September 29, 2014 Complaint. Gov't Resp. at 1. In the alternative, the Government argues there are no "exceptional circumstances" justifying the grant of legal

4

assistance. Gov't Resp. at 2 (citing *Washington v. United States*, 93 Fed. Cl. 706, 708 (2010) (explaining the circumstances warranting appointment of counsel)).

### 2.    The Court's Resolution.

The court is cognizant of its obligation liberally to construe *pro se* plaintiffs' pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that the "pro se document is to be liberally construed"). But, *pro se* plaintiffs must still "comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983). The court cannot simply excuse the failures contained within the Complaint. *See Henke*, 60 F.3d at 799.

The September 29, 2014 Complaint and October 14, 2014 Motion fail to demonstrate how Plaintiff's claims implicate the United States. Under the Tucker Act, the United States Court of Federal Claims has jurisdiction to adjudicate "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

To the extent that the Complaint is directed against the State of Georgia, the Superior Court of Chatham County, Georgia, the Supreme Court of Georgia, or private individuals and members of the state judiciary, no claim, however, is alleged against the United States. Therefore, the court does not have subject matter jurisdiction. *See* 28 U.S.C. § 1491(a)(1); *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (stating that a suit "could not have been maintained in the Court of Claims because that court is without jurisdiction of any suit brought against private parties").

To the extent that the September 29, 2014 Complaint alleges claims against the Department of Justice, Civil Rights Division, and the Office of the Inspector General, both of which may be considered as the United States, the court does not have jurisdiction over a claim for unjust conviction and incarceration. The Complaint does not concern the limited circumstances of 28 U.S.C § 1495 that governs claims for damages by persons unjustly convicted and imprisoned of an offense against the United States, because Plaintiff does not allege that he was unjustly convicted of an offense against the United States. Moreover, there is no evidence that the conviction and incarceration were unjust. The Complaint does not assert an ultimate finding of innocence, a pardon, a certificate of innocence to establish unjust conviction under 28 U.S.C § 2513. *See Vicin v. United States*, 468 F.2d 930, 933 (Ct. Cl. 1972) (holding that "[t]he unjust conviction statute has always been strictly construed").

Even if the court had subject matter jurisdiction, the September 29, 2014 Complaint fails to state a claim upon which relief can be granted under RCFC 12(b)(6). The United States Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Even read in the light most favorable to Plaintiff, the Complaint does not allege facts to state a plausible claim that are sufficient to satisfy the pleading standard. *See A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1157–58 (Fed. Cir. 2014) ("A claim is factually plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable.' If the plaintiff fails to include such allegations in his complaint, it is deficient.") (quoting

*Iqbal*, 556 U.S. at 678). Nor has Plaintiff included any information concerning: the nature of the criminal charges; the facts surrounding the charges of which he was convicted; the prosecuting agency; the acts or omissions of the Unites States; the length of incarceration; the success or otherwise of any appeal; or the basis upon which Plaintiff calculates the damages to amount to $275,000. As such, the Complaint fails to state a claim upon which relief can be granted.

## IV.  CONCLUSION.

For these reasons, the Government's October 27, 2014 Motion to Dismiss is granted. *See* RCFC 12(b)(1), 12(b)(6). Plaintiff's October 14, 2014 Motion is denied, because the court does not have jurisdiction to adjudicate Plaintiff's claims. The Clerk is directed to dismiss the September 29, 2014 Complaint, without prejudice.

**IT IS SO ORDERED.**

SUSAN G. BRADEN
**Judge**